**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

S V RELIABLE TRANSPORT, LLC,

      Plaintiff,

v.                                    CASE NO:  7:20-CV-195

KINSALE INSURANCE COMPANY

      Defendant.

_____/

## KINSALE INSURANCE COMPANY'S NOTICE OF REMOVAL

KINSALE INSURANCE COMPANY ("Kinsale"), pursuant to 28 U.S.C. § 1441(b) and 1446, removes this action, bearing Case No: A-20-06-0667-CV, pending in the district court of Ector County, Texas, to this court, and states:

## BACKGROUND

1. On 06/26/2020, SV Reliable Transport, LLC ("SV Reliable") filed suit against Kinsale in the district court of Ector County, Texas, bearing Case No: A-20-06-0667-CV. A complete copy of the complaint with all exhibits is attached as Composite Exhibit "A."

2. In essence, SV Reliable alleges Kinsale owes coverage for injuries sustained by Oscar Avalos, one of SV Reliable's employees. Avalos was allegedly involved in an accident on 05/20/2017. (Compl. ¶ 9.) The accident took place in Reeves, Texas. (¶11.) The site was operated by SV Reliable on behalf of Energen Corp and Diamondback Energy, Inc. (jointly "Diamondback"). (¶13.)

3. On 07/19/2019, Avalos filed suit against Diamondback. (¶16.) The suit was tendered to Kinsale, which denied coverage. (¶16.) Kinsale's denial was allegedly wrongful. (¶19.) According to SV Reliable, as spokesperson for Diamondback, Kinsale misread the allegations in

the complaint by Avalos. (¶¶19-20.) SV Reliable alleges one count for declaratory relief and seeks an order declaring that Kinsale has a duty to defend and indemnify Diamondback.

4.      In his complaint against Diamondback, Avalos alleges his damages exceed $1,000,000. (¶8.)

5.      Kinsale issued a commercial general liability policy to SV Reliable Transport, LLC as Named Insured, bearing Policy No: 0100051369-0 and effective from 05/15/2017 to 05/15/2018. The policy provides a $1,000,000 limit of insurance for each occurrence and a $2,000,000 aggregate limit.

## STANDARD FOR REMOVAL

6.      Removal is appropriate because there is complete diversity of citizenship and because the amount in controversy exceeds $75,000, exclusive of interest, attorney's fees, and costs.

7.      In removal cases, the burden is on the party seeking removal to demonstrate that federal jurisdiction exists. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Where the plaintiff has not pled a specific amount of damages to satisfy diversity jurisdiction, the defendant is required to show by a preponderance of the evidence that the amount in controversy can more likely than not be satisfied. *Id.*

8.      In this case, the record establishes that this Court has jurisdiction.

## THERE IS COMPLETE DIVERSITY OF CITIZENSHIP

9.      Kinsale was at all times, including the time this action was commenced, and notice filed, an Arkansas corporation with its principal place of business in Richmond, Virginia. Kinsale is accordingly a citizen of both Arkansas and Virginia.

10.      SV Reliable was at all times, including the time this action was commenced and notice filed, a Texas limited liability company with its principal place of business in Ector

County, Texas. Upon information and belief, SV Reliable's sole member is Sammy A. Valerino, who is a citizen of Odessa, Texas. SV Reliable is accordingly a citizen of Texas.

## THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

11.     Pursuant to 28 U.S.C. § 1332(a), the requisite amount in controversy is present.

12.     While SV Reliable simply alleges the court's jurisdictional amount, SV Reliable seeks coverage for the injuries sustained by Avalos. Avalos, in turn, alleges his damages exceed $1,000,000.[1]

13.     Putting that aside, the policy issued by Kinsale provides a $1,000,000 limit of insurance for each occurrence and a $2,000,000 aggregate limit.[2]

## THE NOTICE OF REMOVAL IS TIMELY

14.     On 07/08/2020, Kinsale was served with the complaint by SV Reliable. Pursuant to U.S.C. § 1446(b)(3), this notice is timely because it was filed within 30 days of Kinsale's receipt of the pleading.

## ALL ELEMENTS OF REMOVAL ARE SATISFIED

15.     Because the plaintiff and the defendant are citizens of different states, and because the amount in controversy is in excess of $75,000, exclusive of interest, attorney's fees, and costs, this action is removable to this Court pursuant to 28 U.S.C. § 1441.

---

[1] In cases involving the applicability of an insurance policy to a particular occurrence, the amount in controversy is determined by the value of the underlying claim. *Martinez v. Allstate Texas Lloyds*, No: 7:16-cv-00494, 2016 WL 6122728, at *1 (S.D. Tex. Oct. 20, 2016) (*citing Hartford Ins. Grp. v. Lou-Coin, Inc.*, 293 F.3d 908, 911 (5th Cir. 2002).

[2] In a declaratory judgment action, where coverage under an insurance policy is at issue, courts consider the policy limit in determining the amount in controversy. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see also Columbia Mutual Ins. Co. v. AV Furniture, LLC*, No: 7:15-cv-363, 2016 WL 6848919 (S.D. Tex. June 14, 2016) (in a declaratory judgment, the amount in controversy is the value of the right being protected).

16.     Pursuant to U.S.C. § 1446(b) a copy of all process, pleadings, and orders that Kinsale received are attached as Composite Exhibit "A."

17.     A copy of the notice was promptly filed with the clerk of the district court of Ector County, Texas, and served on all interested parties.

18.     Kinsale, under 28 U.S.C. § 1441 and 28 U.S.C. § 1446, respectfully requests that this Court remove this action, which is currently pending in the district court of Ector County, Texas.

Respectfully Submitted,

*/s/ Lisa M. Henderson*
LISA M. HENDERSON
State Bar No. 24025423
lisa.henderson@clydeco.us
CLYDE & CO US LLP
10440 N. Central Expressway, Suite 800
Dallas, Texas 75231
Telephone: 214.540.7539
Facsimile: 214.540.7540

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of this document has been served on all counsel of record via ECF Notification on this 6th day of August 2020.

*/s/ Lisa M. Henderson*
LISA M. HENDERSON

# COMPOSITE EXHIBIT A

## Case Information

A-20-06-0667-CV | S V Reliable Transport, LLC vs. KINSALE INSURANCE COMPANY

| | | |
|---|---|---|
| Case Number | Court | Judicial Officer |
| A-20-06-0667-CV | 70th District Court | Whalen, Denn |
| File Date | Case Type | Case Status |
| 06/26/2020 | Other Civil < $250K | Filed |

## Party

Plaintiff
S V Reliable Transport, LLC

Active Attorneys ▾
Lead Attorney
CRUTCHER, MURRAY A, III
Retained

Defendant
KINSALE INSURANCE COMPANY

Active Attorneys ▾
Lead Attorney
Henderson, Lisa Marie
Retained

## Events and Hearings

06/26/2020 Original Petition (OCA) ▾

Comment
AND REQUEST FOR DISCLOSURE

06/29/2020 Citation ▾

Served
07/08/2020 2:31 PM

Anticipated Server
Private Process Server

Anticipated Method
In Person
Actual Server
Private Process Server

Returned
07/13/2020 12:00 AM
Comment
E-MAILED TO RREGISTER@ODESSALAWFIRM.COM

---

07/13/2020 Service Returned Served ▾

Comment
ON JULY 8, 2020 AT 2:31 PM BY ERIN CUPPETT

---

07/20/2020 COVER LETTER WITH INSTRUCTIONS TO THE CLERK ▾

Comment
ON THE ISSUANCE OF CITATION SEE SHEET FOR INSTRUCTION AND EMAIL TO
klandcy@odessalawfinn.com

---

07/21/2020 Citation ▾

Served
07/29/20202:28 PM

Anticipated Server
Private Process Server

Anticipated Method
In Person
Actual Server
Private Process Server

Returned
08/04/2020 5:34 PM
Comment
E-MAILED TO KLANDRY@ODESSALAWFIRM.COM

---

07/22/2020 Letter ▾

Comment
Refusal letter sent to Atkins, Hollman, Jones, Peacock, Lewis & Lyon, Inc. due to lack of Kinsale Insurance
Company's address on the citation.

---

07/31/2020 DEFENDANT'S MOTION ▾

Comment
FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S ORIGINAL PETITION

---

08/03/2020 MOTION TO WITHDRAW (Previous Pleading or Motion) ▾

Comment

DEFENDANT KINSALE INSURANCE COMPANY'S NOTICE OF WITHDRAWAL OF MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S ORIGINAL PETITION

08/04/2020 Service Returned Served ▾

Comment

ON 07/29/2020 AT 2:28 PM BY PRIVATE PROCESS SERVER

## Financial

S V Reliable Transport, LLC

| | | | | |
|---|---|---|---|---|
| | Total Financial Assessment | | | $333.00 |
| | Total Payments and Credits | | | $333.00 |
| 6/26/2020 | Transaction Assessment | | | $325.00 |
| 6/26/2020 | Payment | Receipt # 2020-005066-DC | S V Reliable Transport, LLC | ($325.00) |
| 7/21/2020 | Transaction Assessment | | | $8.00 |
| 7/21/2020 | Payment | Receipt # 2020-005477-DC | S V Reliable Transport, LLC | ($8.00) |

**TDI** | **Texas Department of Insurance**

PO Box 149104 | Austin, TX 78714 | 1-800-578-4677 | tdi.texas.gov

**FILED FOR RECORD**
Ector County - 70th District Court
Ector County, Texas
7/22/2020 11:42 AM
**Clarissa Webster**
**District Clerk**
By: Margarita Tercero, Deputy

Cause No.: **A-20-06-0667-CV**

July 13, 2020

Murray A. Crutcher, III
Atkins, Hollman, Jones, Peacock, Lewis & Lyon, Inc.
3800 E. 42nd Street, Suite 500
Odessa, Texas 79762

Re:  Cause No. A-20-06-0667-CV; styled *S V Reliable Transport, LLC vs. Kinsale Company;* in the 70th Judicial District Court, Ector County, Texas

Dear Sir/Madam:

On July 8, 2020, the enclosed documents were received in the office of the Commissioner of Insurance for service of process.  The documents received are being returned to your office for the reasons indicated below.

**Kinsale Insurance Company's** citation must indicate the company's address.  Please refer to the Texas Administrative Code, Title 28, Chapter 7, Rule §7.1414.

Please refer to Chapter 804 of the Texas Insurance Code for service of process information.

Another remittance for service is not necessary since payment has been received.

If you have any questions or need additional information, please let me know.

Sincerely,

Tish Wilhelm
Program Specialist

Enclosures

c:  Ector County District Clerk
    *E-filed*

**FILED FOR RECORD**
Cause No.: A-20-06-0667-CV
Ector County - 70th District Court
Ector County, Texas
8/4/2020 5:34 PM
**Clarissa Webster**
**District Clerk**
By: Sara Chavez, Deputy

CLERK OF THE COURT
**CLARISSA WEBSTER**
**DISTRICT CLERK**
**300 N. GRANT AVE., RM. 301**
**ODESSA, TEXAS 79761**

**Attorney for Plaintiff**
**MURRAY A CRUTCHER, III**
**3800 EAST 42ND ST., SUITE 500**
**ODESSA, TX  79762**

## THE STATE OF TEXAS

**NOTICE TO DEFENDANT:** "You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO: **KINSALE INSURANCE COMPANY**, DEFENDANT

**GREETINGS: You are commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE at or before 10:00 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof, before the 70th District Court of Texas, at the Courthouse in Odessa, Texas.**

Said Plaintiff's Petition was filed on **June 26, 2020**, at **1:58 PM o'clock**.

The file number of said suit being **A-20-06-0667-CV**.

The style of the case is:

**S V RELIABLE TRANSPORT, LLC VS.  KINSALE INSURANCE COMPANY**

A copy of the **PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE** accompanies this citation, issued on July 21, 2020.

GIVEN UNDER MY HAND AND SEAL OF SAID COURT, at office in Odessa, Texas, on this the 21st day of July, 2020.

CLARISSA WEBSTER, CLERK
70TH DISTRICT COURT
ECTOR COUNTY, TEXAS

Signed: 7/21/2020 8:43:36 AM

By: *Maria Garcia*

Maria Garcia, Deputy

**SERVICE RETURN ATTACHED**

**ATX Process, LLC**
604 West 9th Street
Suite B
Austin, TX 78701

**ADDRESS FOR SERVICE:**
**KINSALE INSURANCE COMPANY**
**2221 EDWARD HOLLAND DRIVE, SUITE 600**
**RICHMOND, VA 23230**
**BY SERVING TEXAS COMMISSIONER OF INSURANCE**
**AGENT FOR SERVICE**
**333 GUADALUPE STREET**
**AUSTIN, TX 78701**
**OR WHEREVER THEY MAY BE FOUND**

## OFFICER'S RETURN

Came to hand on _____, 20____, at _____ o'clock _.M. and executed in _____ County, Texas by delivering to the within named _____,
in person, a copy of the CITATION, having first endorsed thereon the date of delivery, together with the accompanying true and correct copy of the **PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE**, on the ___ day of _____, 20____, at _____ o'clock _.M. at _____
_____(place of service).
NOT EXECUTED FOR THE FOLLOWING REASONS: _____
_____

SERVICE FEES: $_____        SHERIFF OF _____County, Texas
_____

*SERVICE RETURN ATTACHED*

**ATX Process, LLC**
Deputy/Authorized Person
805 West 10th Street
Suite B
Austin, TX 78701

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The return must either be verified or be signed under penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____, and
(*First, Middle, Last*)

my address is _____.
(*Street, City, State, Zip Code*)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT."

Executed in _____ County, State of _____, on the _____ day of _____, 20____.

_____
Declarant/Authorized Process Server
_____
(Id # & expiration of certification)

## AFFIDAVIT OF SERVICE

**State of Texas**                    **County of Ector**                    **70th Judicial District Court**

Case Number: A-20-06-0667-CV

Plaintiff:
**SV Reliable Transport, LLC**

vs.

Defendant:
**Kinsale Insurance Company**

For:
Atkins, Hollmann, Jones, Peacock Lewis & Lyon, Inc.
3800 E. 42nd Street
Ste. 500
Odessa, TX 79762

Received by ATX Process, LLC on the 28th day of July, 2020 at 8:38 am to be served on **Kinsale Insurance Company by serving the Texas Department of Insurance, 333 Guadalupe, Austin, Travis County, TX 78701**.

I, Erin Cuppett, being duly sworn, depose and say that on the **29th day of July, 2020** at **2:28 pm, I:**

**INDIVIDUALLY/PERSONALLY** delivered a true and correct copy of the **Two Copies of Citation and Plaintiff's Original Petition and Request for Disclosure with Exhibit A, Exhibit B, and Exhibit C** with the date of delivery endorsed thereon by me, to **Justin Beam, Authorized Agent for the Texas Department of Insurance** at the address of **333 Guadalupe, Austin, Travis County, TX 78701** and informed said person of the contents therein.

I certify that I am over the age of 18, have no interest in the above action, and am a certified process server, in good standing, in the judicial circuit in which the foregoing occurred. The facts in this affidavit are within my personal knowledge and true and correct.

Subscribed and sworn to before me on the 29th day of July, 2020 by the affiant who is personally known to me.

NOTARY PUBLIC

NICOLE M. WADE
My Notary ID # 129086987
Expires August 9, 2024

**Erin Cuppett**
PSC-13350, Exp. 12/31/2021

**ATX Process, LLC**
**604 West 9th Street**
**Suite B**
**Austin, TX 78701**
**(512) 717-5600**

Our Job Serial Number: ATX-2020007401
Ref: SV Reliable Transport v. Kinsale

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1p



# INVOICE

Invoice #ATX-2020007401
7/29/2020

**Send Payments To:**
**ATX Process, LLC**
**604 West 9th Street**
**Suite B**
**Austin, TX 78701**
**Phone: (512) 717-5600**
**Fax: (512) 380-1308**
**83-4364729**

Atkins, Hollmann, Jones, Peacock Lewis & Lyon, Inc.
3800 E. 42nd Street
Ste. 500
Odessa, TX 79762

Reference Number: SV Reliable Transport v. Kinsale
Your Contact: Karen, Trey, Rebecca
**Case Number: Ector A-20-06-0667-CV**

Plaintiff:
**SV Reliable Transport, LLC**

Defendant:
**Kinsale Insurance Company**

Received: 7/28/2020    Served: 7/29/2020 2:28 pm  INDIVIDUAL/PERSONAL
To be served on: Kinsale Insurance Company by serving the Texas Department of Insurance

## ITEMIZED LISTING

| Line Item | Quantity | Price | Amount |
|---|---|---|---|
| Process Service: Austin, TX | 1.00 | 75.00 | 75.00 |
| E-File Return of Service with Court | 1.00 | 10.00 | 10.00 |
| TOTAL CHARGED: | | | $85.00 |
| **BALANCE DUE:** | | | **$85.00** |

Thank you for your business! You can make payments online through PayPal at WWW.ATXPROCESS.COM.
If paying by check, please write the invoice number on your check or enclose a copy of this invoice with your
payment.

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1p

FILED FOR RECORD
Cause No.: A-20-06-0667-CV
Ector County - 70th District Court
Ector County, Texas
6/26/2020 1:58 PM
**Clarissa Webster**
**District Clerk**
By: DiAnn Espinoza, Deputy

Cause No. A-20-06-0667-CV
_____

| | | |
|---|---|---|
| **S V RELIABLE TRANSPORT, LLC** | § | **IN THE _____ COURT** |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | **OF ECTOR COUNTY, TEXAS** |
| | § | |
| **KINSALE INSURANCE COMPANY** | § | |
| *Defendant.* | § | **_____ JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

Plaintiff, S V Reliable Transport, LLC, files this Original Petition against Defendant, Kinsale Insurance Company and alleges as follows:

### A.     DISCOVERY CONTROL-PLAN

1.     Plaintiff intends to conduct discovery under Level 2 of Texas Rules of Civil Procedure 190.3 and affirmatively pleads that this suit is not governed by the expedited-actions process in Texas Rule of Civil Procedure 169.

### B.     CLAIM FOR RELIEF

2.     Plaintiff seeks monetary relief of $100,000 or less and nonmonetary relief.

### C.     PARTIES

3.     Plaintiff, S V Reliable Transport, LLC ("SVRT"), is a Texas limited liability company with its principal place of business in Ector County, Texas, at 2963 S County Road West, Odessa, Texas 79766.

4.     Defendant, Kinsale Insurance Company ("Kinsale"), a foreign insurance carrier, organized and existing under the laws of Arkansas and authorized to conduct busines in Texas, whose home office is located at 2221 Edward Holland Drive, Suite 600, Richmond, VA

23230, may be served with process by serving the Texas Commissioner of Insurance at 333 Guadalupe Street, Austin, Texas 78701, as its agent for service because Defendant is required by the Texas Insurance Code section 804.103(b) to appoint and maintain an agent for service of process but has not done so.

D.    JURISDICTION

5.    The Court has subject-matter jurisdiction over the lawsuit because the amount in controversy is within this Court's jurisdictional requirements.

E.    VENUE

6.    Venue is proper in Ector County under Texas Civil Practices and Remedies Code §15.002 because all or a substantial part of the events or omissions giving rise to Plaintiff's claims in Ector County, Texas.

F.    FACTS

7.    Kinsale issued a Commercial General Liability Policy to SVRT as the named insured, under policy number 0100051369-0 (the "Policy").  The Policy began on May 15, 2017 and expired on May 15, 2018 (the "Policy Period").

8.    On May 15, 2019, Oscar and Amalia Avalos ("Avalos") filed a lawsuit against Energen Corporation and Diamondback Energy, Inc. (collectively the "Diamondback Defendants") in the 143rd Judicial District Court of Reeves County, Texas (the "Underlying Lawsuit").  *See* Exhibits "A" and "B", attached hereto and incorporated by reference as if set out in full.

9.    The Underlying Lawsuit alleges that on May 20, 2017 Oscar Avalos was involved in an accident at the Desperado C19-21-18 605 lease site ("the Lease Site").

10.    The Underlying Lawsuit also alleges that sometime following accident, Energen Corporation ("Energen") and Diamondback Energy, Inc. ("Diamondback") merged with

Diamondback being the surviving company of said merger.

11.     The entirety of Avalos' factual allegations regarding Oscar Avalos' activities around the time of the accident are as follows:

> "On May 20, 2017, Oscar Avalos drove a tractor and tanker trailer onto the Desperado C19-21-18 605 lease site (the 'lease site') located in Reeves County, Texas. At Defendant Energen's direction and instruction, Mr. Avalos drove his vehicle to a specified loading area in order to begin pumping fluid from a tank into his tanker trailer. The area of the lease site that Mr. Avalos was required to use, in order to connect and disconnect his pumping hose, contained dangerous amounts of flammable fumes and vapors. Those fumes and vapors, which had accumulated in the area in which Mr. Avalos was loading, ignited and there was an explosion and fire which caused Mr. Avalos to sustain significant injuries and damages.
>
> At the time of the subject incident, the lease site was owned, operated, managed, maintained, and controlled by Defendant Energen. Upon information and belief, sometime following the incident Defendants completed a merger of their respective companies with Defendant Diamondback being the surviving company of said merger. Defendant Diamondback at all relevant times, was an independent oil and natural gas company headquartered in Midland, Texas focused on the acquisition, development, exploration, and exploitation of unconventional, onshore oil and natural gas reserves in the Permian Basin of West Texas."

*See* Exhibits "A" and "B", paragraphs 9-10.

12.     At the time of the explosion, Mr. Avalos was an employee of SVRT.  SVRT is not a party to the Underlying Lawsuit.

13.     SVRT was operating on the Lease Site for Energen pursuant to the Master Sales and Services Agreement between Energen and SVRT dated August 12, 2016 (the "MSA").

14.     Under the MSA, SVRT agreed to name Energen as an additional insured under the Policy.

15.     On June 4, 2019, SVRT notified Kinsale of the Underlying Lawsuit and presented a tender

for defense and indemnity of the Diamondback Defendants pursuant to the MSA.

16.     On July 19, 2019 Kinsale declined to defend the Diamondback Defendants in the Underlying Lawsuit stated that it based its decision based on the "Policy, the Petition, the MSA, and information provided to Kinsale."  *See* Exhibit "C", attached hereto and incorporated by reference as if set out in full.

17.     As Energen was named an additional insured by SVRT through the MSA, Kinsale cited the following provision from the Policy:

### ADDITIONAL INSURED AND PRIMARY AND NON-CONTRIBUTORY AS REQUIRED BY WRITTEN CONTRACT—BLANKET

**This endorsement modifies insurance provided under the following:**
**COMMERCIAL GENERAL LIABILITY COVERAGE**

A.   **SECTION II – WHO IS AN INSURED** is amended to include any person(s) or organization(s) you are required to include as an Additional Insured on this policy by written contract in effect during the policy period and executed prior to the "occurrence" of the "bodily injury" or "property damage" but only for such "bodily injury" or "property damage" caused, in whole or in part, by your acts or omissions or the acts or omissions of those acting on your behalf:
1.   In the performance of your ongoing operations; or
2.   In connection with your premises owned or rented to you.

B.   The insurance provided by this endorsement shall be excess with respect to any other valid and collectible insurance available to the Additional Insured unless the written contract specifically requires that this insurance apply on a primary and non-contributory basis, in which case this insurance shall be primary and non-contributory.

* * *

 **2. Exclusions**
This insurance does not apply to:

* * *

**g. Aircraft, Auto Or Watercraft**
"Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or

operated by or rented or loaned to any insured. Use includes operation and "loading or unloading".

*See* Exhibit "C"**.**

18.      As its basis for SVRT's denial of tender, Kinsale alleges:

> "Mr. Avalos alleges on May 20, 2017 he was in the process of pumping fluid into his tanker trailer when an explosion occurred, allegedly causing Mr. Avalos to sustain significant injuries. **Exclusion 2. g. Aircraft, Auto or Watercraft** contained within Policy Form **CG 00 01 10 01** states this insurance does not apply to any 'bodily injury' arising out of the use of any aircraft, auto, or watercraft, operated by any insured, and including 'loading or unloading'. Therefore, Kinsale respectfully disclaims coverage for this matter pursuant to **Exclusion 2. g.**"

> *See* Exhibit "C"**.**

19.      However, Kinsale's assertion that Avalos' pleadings state that he was "in the process of pumping fluid into his tanker trailer when an explosion occurred" is a misstatement of what Avalos' pleadings actually say.

20.      As set forth above, what Avalos did plead in the Underlying Lawsuit was that "[t]hose fumes and vapors, which had accumulated in the area in which Mr. Avalos *was loading*, ignited and there was an explosion." *See* Exhibits "A" and "B".

21.      Avalos' pleadings are ambiguous as to whether Oscar Avalos was engaged in pumping fluid from his vehicle at the time of the explosion. As to Oscar Avalos' location at the time of the explosion, Avalos has plead that he was in the "area" of the Lease Site that he was required to use.

22.      There are no allegations in Avalos' petition that was in his vehicle or operating his vehicle at time of the explosion.

23.      There are no allegations in Avalos' petition that he was actively "loading or unloading" his

vehicle at the time of the explosion.

### G.      SUIT FOR DECLARATORY RELIEF

24.      The forgoing paragraphs are expressly incorporated by reference as if they were set forth in full.

25.      Plaintiff brings this action for declaratory relief, under Texas Civil Practices and Remedies Code §§37.001 et al., in an effort to obtain an adjudication of Plaintiff's rights as well as the obligations of Defendant under the Policy.

26.      There is a justiciable controversy between Plaintiff and Defendant.

27.      Plaintiff was an insured under an insurance policy issued by Defendant for Plaintiff's benefit.

28.      Avalos filed a lawsuit asserting a liability claim against the Diamondback Defendants that, if true, would be covered through the MSA by Plaintiff's insurance policy with Defendant.

29.      Plaintiff gave proper notice of the lawsuit to Defendant on June 4, 2019, as required under the Policy.

30.      Defendant has not defended Plaintiff or the Diamondback Defendants in the Underlying Suit as required by the terms of insurance policy.

31.      Defendant seeks a declaration that (a) the Diamondback Defendants are additional insureds to the Policy and (b) Defendant has a duty to defend and indemnify the Diamondback Defendants in the Underlying Lawsuit through Plaintiff's MSA with Energen.

32.      Plaintiff seeks damages within the jurisdictional limits of this Court.

33.      <u>Attorney fees</u>. Plaintiff is entitled to recover reasonable and necessary attorney fees under Texas Civil Practice & Remedies Code section 37.009.

### H. CONDITIONS PRECEDENT

34.    All conditions precedent to Plaintiff's claims for relief have been performed or have occurred.

### I. REQUEST FOR DISCLOSURE

35.    Under Texas Rule of Civil Procedure 194, Plaintiff requests that the Defendant disclose, within 50 days of the service of this request, the information or material described in Rule 194.2.

### J. JURY DEMAND

36.    Plaintiff demands a trial by jury and tenders the appropriate fee with this petition.

### K. NOTICE OF DOCUMENT SELF-AUTHENTICATION

37.    Pursuant to Tex. R. Civ. P. 193.7, Plaintiff gives notice to all parties of record that all documents and tangible things produced by any party in response to written discovery issued by Plaintiff will be used against the responding party by Plaintiff in pre-trial proceedings and/or at trial.

### L. PRAYER

38.    For these reasons, Plaintiff asks that the Court issue citation for the Defendant to appear and answer, and that Plaintiff be awarded a judgment against the Defendant for the following:

    a.    The Diamondback Defendants are additional insureds to the Policy.

    b.    Defendant has a duty to defend and indemnify the Diamondback Defendants in the Underlying Lawsuit through Plaintiff's MSA with Energen.

    c.    Court costs.

    d.    Attorneys' fees.

    f.    All other relief to which Plaintiff is entitled.

Respectfully submitted,

ATKINS, HOLLMAN, JONES,
PEACOCK, LEWIS & LYON, INC.


By: */s/ Murray A. Crutcher, III*
Murray A. "Trey" Crutcher, III
Texas Bar No. 24028169
Email: tcrutcher@odessalawfirm.com

Alex E. Reynolds
Texas Bar No. 24116955
Email: areynolds@odessalawfirm.com

3800 E. 42nd Street, Suite 500
Odessa, TX 79762
Telephone: (432) 331-1600
Facsimile: (432) 363-1310

**ATTORNEYS FOR PLAINTIFF**

# EXHIBIT A

Pat Tar
DistrictCle
Reeves County, Tex:

Misty Thoma:

## CAUSE NO. 19-05-22958-CVR

| | | |
|---|---|---|
| OSCAR AVALOS and | § | IN THE DISTRICT COURT |
| AMALIA AVALOS, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | 143 RD   JUDICIAL COURT |
| | § | |
| ENERGEN CORPORATION and | § | |
| DIAMONDBACK ENERGY, INC., | § | |
|     Defendant. | § | REEVES COUNTY, TEXAS |

---

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

OSCAR AVALOS and AMALIA AVALOS, Plaintiffs, file this Plaintiffs' Original Petition against ENERGEN CORPORATION and DIAMONDBACK ENERGY, INC.

### I.
### DISCOVERY

1.     Pursuant to Tex. R. Civ. P. §190.1, Plaintiffs intend to conduct discovery under Level 3.

### II.
### PARTIES

2.     Plaintiff OSCAR AVALOS is a natural person and a citizen of Texas.

3.     Plaintiff AMALIA AVALOS is a natural person, is OSCAR AVALOS' wife, and is a citizen of Texas.

4.     Defendant, ENERGEN CORPORATION ("Energen") is a Texas corporation. Energen may be served by serving its registered agent, F. Harley Speight, at 3323 Quakertown, San Antonio, Texas 78230.

5.     Defendant, DIAMONDBACK ENERGY, INC. ("Diamondback") is a Delaware Corporation, doing business in the state of Texas. Diamondback may be served by serving its

---

*Plaintiffs' Original Petition*                                    *Page 1*

registered agent, Corporation Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

## III.
## VENUE AND JURISDICTION

6.      Venue is proper in Reeves County pursuant to TEX. CIV. PRAC. & REM. CODE §15.002(1) because all or a substantial part of the events or omissions giving rise to the claim occurred in Reeves County.

7.      This Court has jurisdiction because the claims and causes of action herein have resulted in damages to Plaintiffs within the jurisdictional limits of this Court and they arise under the statutory and common law of the State of Texas.

8.      Pursuant to TEX. R. CIV. P. 47, Plaintiffs assert that they are seeking monetary relief in excess of $1,000,000.00.

## IV.
## RELEVANT FACTS

9.      On May 20, 2017, Oscar Avalos drove a tractor and tanker trailer onto the Desperado C19-21-18 605 lease site (the "lease site") located in Reeves County, Texas.  At Defendant Energen's direction and instruction, Mr. Avalos drove his vehicle to a specified loading area in order to begin pumping fluid from a tank into his tanker trailer.  The area of the lease site that Mr. Avalos was required to use, in order to connect and disconnect his pumping hose, contained dangerous amounts of flammable fumes and vapors.  Those fumes and vapors, which had accumulated in the area in which Mr. Avalos was loading, ignited and there was an explosion and fire which caused Mr. Avalos to sustain significant injuries and damages

10.      At the time of the subject incident, the lease site was owned, operated, managed, maintained, and controlled by Defendant Energen.  Upon information and belief, sometime following the incident Defendants completed a merger or their respective companies with

---

*Plaintiffs' Original Petition*                                                                 *Page 2*

nofficial Copy

Defendant Diamondback being the surviving company of said merger. Defendant Diamondback at all relevant times, was an independent oil and natural gas company headquartered in Midland, Texas focused on the acquisition, development, exploration, and exploitation of unconventional, onshore oil and natural gas reserves in the Permian Basin of West Texas.

11.     Unfortunately for Mr. Avalos, the lease site had not been properly maintained, ventilated, managed, inspected, operated, and warned about by Defendants.

12.     As a producing and proximate cause of Defendants' actions and omissions, Oscar Avalos suffered severe burns and disabling injuries. Those injuries, requiring hospitalization and multiple surgeries, have interfered with Oscar Avalos' ability to perform household services and his marital relationship with Amalia Avalos.

## V.
## NEGLIGENCE CLAIM AGAINST DEFENDANTS

13.     Defendants exercised and retained control over the manner in which the work was performed at the lease site, including, but not limited to, the manner of work being performed at the time of the incident.

14.     Specifically, Defendants, through its agents, servants and employees exercised or retained exclusive control over the location where the incident took place.

15.     Moreover, Defendants, through its agents, servants and employees exercised or retained exclusive control over the specific location and manner in which Mr. Avalos loaded his tanker trailer and provided him with specific directions regarding the same.

16.     Additionally, Defendants exercised exclusive control regarding the maintenance, supervision, inspection, management, warnings, ventilation and operation of the lease site.

17.     Defendants were negligent in that it failed to ensure that the area in which Mr. Avalos' vehicle was being loaded was free dangerous levels of flammable and/or explosive vapors.

nofficial Copy

Moreover, Defendants failed to ensure that the area in which Mr. Avalos' vehicle was being loaded was properly ventilated. Additionally, Defendants failed to properly direct and/or warn Mr. Avalos concerning the extent of the dangerous and flammable vapors.

18.     Defendants were negligent because they failed to provide adequate training to and supervision of their own employees to ensure that workers were not exposed to dangerous fire and explosion hazards at the lease site.

19.     Defendants were negligent because they failed to inspect and/or test its equipment to ensure that workers were not exposed to dangerous fire and explosion hazards at the lease site.

20.     Defendants were negligent because they failed to establish and implement adequate policies and procedures to ensure that workers were not exposed to dangerous fire and explosion hazards at the lease site. Moreover, Defendants failed to establish and implement adequate policies and procedures to ensure that its own employees safely and accurately performed required procedures so that fires and explosions did not take place.

21.     With respect to the loading of Mr. Avalos' vehicle, as well as the general safety of the workers at the site, Defendants were negligent because the conditions and activities posed an unreasonable risk of harm to the workers, including Mr. Avalos. Furthermore, Defendants had actual knowledge of the dangers, or should have known of the dangers, and failed to exercise ordinary care to protect Mr. Avalos and other workers by failing to adequately warn Mr. Avalos of the conditions and among other things, failing to provide reasonable safe equipment and a reasonably safe work site.

22.     Defendants had a duty to the workers, including Mr. Avalos, on the premises to engage providers of equipment, services and operators who were certified, knowledgeable and competent to do the work required in a safe and prudent manner. Defendants breached that duty by failing to have workers present that would ensure that their equipment was properly maintained

nofficial Copy

so that it would ensure proper ventilation of dangerous and flammable vapors, prior to the loading and unloading of vehicles.

23.     The above acts and omissions on the part of Defendants were producing and proximate causes of the injuries to Plaintiffs and the damages sought herein.

## VI.
## CAUSATION

24.     Plaintiffs incorporate herein all of the foregoing allegations.

25.     Defendants' actions and inactions were a producing and/or proximate cause, as those terms are applied in the law in the State of Texas, of the injuries to Plaintiffs and the damages sustained by them.

## VII.
## DAMAGES

26.     As a direct and proximate result of Defendants' negligence, Plaintiff Oscar Avalos has sustained severe personal injuries, pain, suffering, mental anguish, disability, impairment, and disfigurement, all of which he will continue to suffer in the future.  Plaintiff Oscar Avalos has also sustained lost wages, lost earning capacity, and has incurred reasonable and necessary medical expenses for the care and relief of his injuries.     Additionally, Plaintiff Oscar Avalos will incur reasonable and necessary medical expenses in the future for the care and relief of his injuries. Plaintiff Oscar Avalos brings this suit to recover the past damages he has suffered, and the damages he will suffer in the future, as a result of the injuries caused by Defendants' negligence.

27.     As a direct and proximate result of Defendants' negligence, Plaintiff Amalia Avalos has sustained injuries in the form of loss of household services and loss of consortium.  Plaintiff Amalia Avalos brings this suit to recover the past damages she has suffered, and the damages she will suffer in the future, as a result of the injuries caused by Defendants' negligence.

nofficial Copy

28.     Plaintiffs also seek recovery of all prejudgment and post judgment interest as allowed by law, along with their costs of court.

## VIII.
## CONDITIONS PRECEDENT

29.     All conditions precedent to recovery of Plaintiffs' damages have been satisfied.

## IX.
## JURY DEMAND

30.     Plaintiffs request a jury in this cause and have tendered payment.

WHEREFORE, Oscar Avalos and Amalia Avalos, Plaintiffs, request that Defendants be cited to appear and answer herein and that on final trial, Plaintiffs have judgment against Defendant for the damages sought herein, prejudgment and post judgment interest, costs of suit, and such other relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

FARGASON, BOOTH, ST. CLAIR,
RICHARDS & WILKINS, L.L.P.
4716 4th Street, Suite 200 (79416)
P.O. Box 5950
Lubbock, Texas 79408-5950
Telephone: (806) 744-1100
Facsimile: (806) 744-1170
Email: jperrin@lbklawyers.com
Email: rstclair@lbklawyers.com
Attorneys for Plaintiffs

By: /s/ James F. Perrin
        James F. Perrin
        Texas Bar No. 24027611
        Robert W. St. Clair, P.C.
        Texas Bar No. 18985300

nofficial Copy

# EXHIBIT B

6/17/2019 6:15 PM
Pat Tan
DistrictCle
Reeves County, Texa
Misty Thomas

## CAUSE NO. 19-05-22958-CVR

| | | |
|---|---|---|
| OSCAR AVALOS and | § | IN THE DISTRICT COURT |
| AMALIA AVALOS, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | 143RD JUDICIAL COURT |
| | § | |
| ENERGEN CORPORATION and | § | |
| DIAMONDBACK ENERGY, INC., | § | |
|     Defendant. | § | REEVES COUNTY, TEXAS |

---

## PLAINTIFFS' FIRST AMENDED PETITION

---

TO THE HONORABLE JUDGE OF SAID COURT:

OSCAR AVALOS and AMALIA AVALOS, Plaintiffs, file this Plaintiffs' First Amended Petition against ENERGEN CORPORATION and DIAMONDBACK ENERGY, INC.

### I.
### DISCOVERY

1.    Pursuant to Tex. R. Civ. P. §190.1, Plaintiffs intend to conduct discovery under Level 3.

### II.
### PARTIES

2.    Plaintiff OSCAR AVALOS is a natural person and a citizen of Texas.

3.    Plaintiff AMALIA AVALOS is a natural person, is OSCAR AVALOS' wife, and is a citizen of Texas.

4.    Defendant, ENERGEN CORPORATION ("Energen") is a foreign corporation, doing business in the state of Texas and can be served by serving its registered agent, CT Corporation, at 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201.

5.    Defendant, DIAMONDBACK ENERGY, INC. ("Diamondback") is a Delaware Corporation, doing business in the state of Texas. Diamondback may be served by serving its

registered agent, Corporation Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

## III.
## VENUE AND JURISDICTION

6.      Venue is proper in Reeves County pursuant to TEX. CIV. PRAC. & REM. CODE §15.002(1) because all or a substantial part of the events or omissions giving rise to the claim occurred in Reeves County.

7.      This Court has jurisdiction because the claims and causes of action herein have resulted in damages to Plaintiffs within the jurisdictional limits of this Court and they arise under the statutory and common law of the State of Texas.

8.      Pursuant to TEX. R. CIV. P. 47, Plaintiffs assert that they are seeking monetary relief in excess of $1,000,000.00.

## IV.
## RELEVANT FACTS

9.      On May 20, 2017, Oscar Avalos drove a tractor and tanker trailer onto the Desperado C19-21-18 605 lease site (the "lease site") located in Reeves County, Texas. At Defendant Energen's direction and instruction, Mr. Avalos drove his vehicle to a specified loading area in order to begin pumping fluid from a tank into his tanker trailer. The area of the lease site that Mr. Avalos was required to use, in order to connect and disconnect his pumping hose, contained dangerous amounts of flammable fumes and vapors. Those fumes and vapors, which had accumulated in the area in which Mr. Avalos was loading, ignited and there was an explosion and fire which caused Mr. Avalos to sustain significant injuries and damages

10.     At the time of the subject incident, the lease site was owned, operated, managed, maintained, and controlled by Defendant Energen.  Upon information and belief, sometime following the incident Defendants completed a merger or their respective companies with

Defendant Diamondback being the surviving company of said merger.  Defendant Diamondback at all relevant times, was an independent oil and natural gas company headquartered in Midland, Texas focused on the acquisition, development, exploration, and exploitation of unconventional, onshore oil and natural gas reserves in the Permian Basin of West Texas.

11.     Unfortunately for Mr. Avalos, the lease site had not been properly maintained, ventilated, managed, inspected, operated, and warned about by Defendants.

12.     As a producing and proximate cause of Defendants' actions and omissions, Oscar Avalos suffered severe burns and disabling injuries.  Those injuries, requiring hospitalization and multiple surgeries, have interfered with Oscar Avalos' ability to perform household services and his marital relationship with Amalia Avalos.

## V.
## NEGLIGENCE CLAIM AGAINST DEFENDANTS

13.     Defendants exercised and retained control over the manner in which the work was performed at the lease site, including, but not limited to, the manner of work being performed at the time of the incident.

14.     Specifically, Defendants, through its agents, servants and employees exercised or retained exclusive control over the location where the incident took place.

15.     Moreover, Defendants, through its agents, servants and employees exercised or retained exclusive control over the specific location and manner in which Mr. Avalos loaded his tanker trailer and provided him with specific directions regarding the same.

16.     Additionally, Defendants exercised exclusive control regarding the maintenance, supervision, inspection, management, warnings, ventilation and operation of the lease site.

17.     Defendants were negligent in that it failed to ensure that the area in which Mr. Avalos' vehicle was being loaded was free dangerous levels of flammable and/or explosive vapors.

Moreover, Defendants failed to ensure that the area in which Mr. Avalos' vehicle was being loaded was properly ventilated. Additionally, Defendants failed to properly direct and/or warn Mr. Avalos concerning the extent of the dangerous and flammable vapors.

18.     Defendants were negligent because they failed to provide adequate training to and supervision of their own employees to ensure that workers were not exposed to dangerous fire and explosion hazards at the lease site.

19.     Defendants were negligent because they failed to inspect and/or test its equipment to ensure that workers were not exposed to dangerous fire and explosion hazards at the lease site.

20.     Defendants were negligent because they failed to establish and implement adequate policies and procedures to ensure that workers were not exposed to dangerous fire and explosion hazards at the lease site. Moreover, Defendants failed to establish and implement adequate policies and procedures to ensure that its own employees safely and accurately performed required procedures so that fires and explosions did not take place.

21.     With respect to the loading of Mr. Avalos' vehicle, as well as the general safety of the workers at the site, Defendants were negligent because the conditions and activities posed an unreasonable risk of harm to the workers, including Mr. Avalos. Furthermore, Defendants had actual knowledge of the dangers, or should have known of the dangers, and failed to exercise ordinary care to protect Mr. Avalos and other workers by failing to adequately warn Mr. Avalos of the conditions and among other things, failing to provide reasonable safe equipment and a reasonably safe work site.

22.     Defendants had a duty to the workers, including Mr. Avalos, on the premises to engage providers of equipment, services and operators who were certified, knowledgeable and competent to do the work required in a safe and prudent manner. Defendants breached that duty by failing to have workers present that would ensure that their equipment was properly maintained

so that it would ensure proper ventilation of dangerous and flammable vapors, prior to the loading and unloading of vehicles.

23.    The above acts and omissions on the part of Defendants were producing and proximate causes of the injuries to Plaintiffs and the damages sought herein.

## VI.
## CAUSATION

24.    Plaintiffs incorporate herein all of the foregoing allegations.

25.    Defendants' actions and inactions were a producing and/or proximate cause, as those terms are applied in the law in the State of Texas, of the injuries to Plaintiffs and the damages sustained by them.

## VII.
## DAMAGES

26.    As a direct and proximate result of Defendants' negligence, Plaintiff Oscar Avalos has sustained severe personal injuries, pain, suffering, mental anguish, disability, impairment, and disfigurement, all of which he will continue to suffer in the future.  Plaintiff Oscar Avalos has also sustained lost wages, lost earning capacity, and has incurred reasonable and necessary medical expenses for the care and relief of his injuries.    Additionally, Plaintiff Oscar Avalos will incur reasonable and necessary medical expenses in the future for the care and relief of his injuries. Plaintiff Oscar Avalos brings this suit to recover the past damages he has suffered, and the damages he will suffer in the future, as a result of the injuries caused by Defendants' negligence.

27.    As a direct and proximate result of Defendants' negligence, Plaintiff Amalia Avalos has sustained injuries in the form of loss of household services and loss of consortium.  Plaintiff Amalia Avalos brings this suit to recover the past damages she has suffered, and the damages she will suffer in the future, as a result of the injuries caused by Defendants' negligence.

28.     Plaintiffs also seek recovery of all prejudgment and post judgment interest as allowed by law, along with their costs of court.

## VIII.
## CONDITIONS PRECEDENT

29.     All conditions precedent to recovery of Plaintiffs' damages have been satisfied.

## IX.
## JURY DEMAND

30.     Plaintiffs request a jury in this cause and have tendered payment.

WHEREFORE, Oscar Avalos and Amalia Avalos, Plaintiffs, request that Defendants be cited to appear and answer herein and that on final trial, Plaintiffs have judgment against Defendant for the damages sought herein, prejudgment and post judgment interest, costs of suit, and such other relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

FARGASON, BOOTH, ST. CLAIR,
RICHARDS & WILKINS, L.L.P.
4716 4th Street, Suite 200 (79416)
P.O. Box 5950
Lubbock, Texas 79408-5950
Telephone: (806) 744-1100
Facsimile: (806) 744-1170
Email: jperrin@lbklawyers.com
Email: rstclair@lbklawyers.com
Attorneys for Plaintiffs

By: /s/ James F. Perrin
         James F. Perrin
         Texas Bar No. 24027611
         Robert W. St. Clair, P.C.
         Texas Bar No. 18985300

**EXHIBIT C**



July 19, 2019

Sent Via

    Certified Mail - Return Receipt Requested
    Email: bcaraway@diamondbackenergy.com

Diamond Back Energy
Attention: Bill B. Caraway
500 West Texas Avenue; Suite 1200
Midland, TX 79701

       **Re:**    <u>**Acknowledgment of Claim and Disclaimer of Coverage**</u>

              **Insured:**    S V Reliable Transport LLC
              **Claimant:**  Oscar Avalos
              **File No.:**   00013628

Dear Mr. Caraway:

This letter will acknowledge receipt on June 4, 2019 by Kinsale Insurance Company ("Kinsale") of the above captioned matter, which was received via email from Cheri Perches with McAnally Wilkins, Inc. Attached to Ms. Perches email was an Acord notice of loss, along with a tender for defense and indemnity from your office, dated June 4, 2019 ("Tender"), which also included a copy of a lawsuit ("the Petition") filed on May 15, 2019 by Oscar and Amalia Avalos ("the Plaintiffs") against Energy Corporation and Diamondback Energy, Inc, in the District Court, 43rd Judicial Court in Reeves County, Texas with Cause No. 19-05-22958-CVR. Your letter states Oscar Avalos is an SVRT employee, and your tender is predicated upon a Master Sales and Services Agreement ("MSA") between SV Reliable Transport LLC ("SVRT") and Energen Resources Corporation ("Energen").

It is Kinsale's understanding this claim has been reported to SVRT's commercial auto carrier, Plaza Insurance Company, and is being administered by North America Risk Services Inc. The Claim number is DIPL19060020; claim examiner: Richard Colaluca, direct: 321-441-1445; office: (800) 315-6090 Ext. 1445; email: RColaluca@narisk.com; P.O. Box 166002 Altamonte Springs, FL 32716-6002.

For the reasons discussed below, Kinsale must decline to participate in the investigation and defense of either Energen or Diamondback Energy, Inc ("Diamondback"), or any pary seeking coverage with respect to this matter, and advise you the Commercial General Liability Policy ("the Policy") issued by Kinsale affords no coverage for this claim. This decision is based upon the Policy, the Petition, the MSA, and information provided to Kinsale. If you are aware of any additional material or information that you believe is relevant to this claim, and would like Kinsale to consider, please provide it to the undersigned at your earliest opportunity so Kinsale may evaluate whether it has any impact on our decision regarding your request.

Diamond Back Energy
July 19, 2019
Page **2** of **5**

### THE PETITION

According to the Petition, on May 20, 2017 Oscar Avalos drove a tractor and tanker trailer onto the Desperado C19-21-18 605 lease site ("the lease site") to pump fluid from a tank into his tanker trailer. Mr. Avalos alleges the area of the lease site and the pumping hose therein contained flammable fumes and vapors. Mr. Avalos alleges he was in the process of pumping fluid into his tanker trailer when an explosion occurred, allegedly causing Mr. Avalos to sustain significant injuries. Mr. Avalos alleges he was operating under direction and instruction of Energen. Mr. Avalos alleges the lease site was owned, operated, managed, maintained, and controlled by Energen at the time of the alleged incident. The Petition alleges following the occurrence, Energen and Diamondback merged their respective companies with Diamondback being the surviving company.

Wherefore, Plaintiffs pray for judgment against Defendants for damages, prejudgment and post judgment interest, costs of suit, and such other relief to which Plaintiffs may justly be entitled.

### KINSALE POLICY

Kinsale issued a Commercial General Liability Policy ("the Policy") to SVRT as the Named Insured, bearing Policy number 0100051369-0, with coverage incepting on May 15, 2017 and expiring on May 15, 2018.

Your tender for defense and indemnification is predicated upon an MSA between Energen and SVRT, wherein SVRT agrees to name Energen as an Additional Insured under SVRT's commercial general liability Policy. As such, we direct your attention to Form **Additional Insured and Primary and Non-Contributory as Required by Written Contract –Blanket (EGY5001 0317)**. The pertinent Policy provision is provided below:

## ADDITIONAL INSURED AND PRIMARY AND NON-CONTRIBUTORY AS REQUIRED BY WRITTEN CONTRACT—BLANKET

**This endorsement modifies insurance provided under the following:**
**COMMERCIAL GENERAL LIABILITY COVERAGE**
A.  **SECTION II – WHO IS AN INSURED** is amended to include any person(s) or organization(s) you are required to include as an Additional Insured on this policy by written contract in effect during the policy period and executed prior to the "occurrence" of the "bodily injury" or "property damage" but only for such "bodily injury" or "property damage" caused, in whole or in part, by your acts or omissions or the acts or omissions of those acting on your behalf:
  1.  In the performance of your ongoing operations; or
  2.  In connection with your premises owned or rented to you.

B.  The insurance provided by this endorsement shall be excess with respect to any other valid and collectible insurance available to the Additional Insured unless the written contract specifically requires that this insurance apply on a primary and non-contributory basis, in which case this insurance shall be primary and non-contributory.

Diamond Back Energy
July 19, 2019
Page **3** of **5**

\*\*\*

Mr. Avalos alleges he was in the process of pumping fluid into his tanker trailer truck when an explosion occurred at the loading area. Kinsale directs your attention to **Exclusion 2. g. Aircraft, Auto or Watercraft** contained within Policy Form **CG 00 01 10 01**, which states, in part, this insurance does not apply to any "bodily injury" arising out of the use of any aircraft, auto, or watercraft, operated by any insured. Use of an auto also includes "loading or unloading". The pertinent Policy provision is provided below:

**2.      Exclusions**
    This insurance does not apply to:

\* \* \*

**g.    Aircraft, Auto Or Watercraft**
    "Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading".

\* \* \*

**DENIAL OF TENDER**

Mr. Avalos alleges on May 20, 2017 he was in the process of pumping fluid into his tanker trailer when an explosion occurred, allegedly causing Mr. Avalos to sustain significant injuries. **Exclusion 2. g. Aircraft, Auto or Watercraft** contained within Policy Form **CG 00 01 10 01** states this insurance does not apply to any "bodily injury" arising out of the use of any aircraft, auto, or watercraft, operated by any insured, and including "loading or unloading". Therefore, Kinsale respectfully disclaims coverage for this matter pursuant to **Exclusion 2. g.**

Based on the foregoing, there exists no potential coverage under the Policy, either for a defense or indemnification, for any party. Kinsale therefore has no duty to defend or indemnify; or to take action; or perform acts or services with regard to this loss. In accordance with the above referenced Policy provisions, and any others not cited that may apply, we must respectfully reject your tender for the above captioned matter. Kinsale will not be engaging defense counsel for Diamondback or Energen.

As discussed above, this claim has been reported to SVRT's commercial auto carrier, Plaza Insurance Company, and is being administered by North America Risk Services Inc. The Claim number is DIPL19060020; claim examiner: Richard Colaluca, (p) 321-441-1445; (email) RColaluca@narisk.com.

**RIGHT TO AMEND**

Kinsale's decision to reject this tender is based on the facts presented to date. We reserve the right to review and/or consider any additional facts, claims, lawsuits, or amendments to these claims, and to make a separate determination with regard to indemnification and defense. To that end, should SVRT, Diamondback, or Energen be served with an amended lawsuit, please forward a copy of the same to the

Diamond Back Energy
July 19, 2019
Page **4** of **5**

undersigned as soon as practicable and we will conduct an additional investigation and promptly provide you with an independent determination of coverage.

Nothing in this letter should be construed as a waiver or surrender of the terms, limitations, exclusions, conditions, or agreements under the Policy. Nor should this letter be considered an exhaustive recitation of all potential coverage issues or provisions of the Policy that might apply. Our decisions to reject this tender is based on the information available to us at this time. Kinsale specifically reserves the right to amend this letter. By this letter, Kinsale does not waive any of its rights nor does it waive any of the terms, conditions, or provisions of the Policy. Kinsale specifically reserves all its rights and remedies under the Policy as well as under statutes and common law.

While we regret this matter does not fall within the purview of coverage, it is our intent to provide coverage which is available under the Policy. If any of the information summarized in this letter is incorrect or if you otherwise have additional information you would like Kinsale to consider, please immediately forward it to our attention so we can reconsider our position.

As stated above, it is Kinsale's understanding this claim has been reported to SVRT's commercial auto carrier, Plaza Insurance Company, and is being administered by North America Risk Services Inc. The Claim number is DIPL19060020; claim examiner: Richard Colaluca, direct: 321-441-1445; office: (800) 315-6090 Ext. 1445; email: RColaluca@narisk.com; P.O. Box 166002 Altamonte Springs, FL 32716-6002.

Should you have any questions, please feel free to contact the undersigned at 804-289-1294 or by email at Paul.Franklin@Kinsaleins.com.


Sincerely,


Paul Franklin
Claims Examiner
Kinsale Insurance Company

**Applicable in Texas**

Any person who knowingly and with intent to defraud any insurance company or another person, files a statement of claim containing any materially false information, or conceals for the purpose of misleading, information concerning any fact, material thereto, commits a fraudulent insurance act, which is a crime, subject to criminal prosecution and (NY: substantial) civil penalties.  In LA, ME, and VA insurance benefits may also be denied.

Diamond Back Energy
July 19, 2019
Page **5** of **5**

CC:     S V Reliable Transport LLC
        Attention: SV Reliable Oilfield Rentals LLC;RTI Fishing Tool Inc
        2963 S County Rd West
        Odessa, TX 79766
        Sent via Certified Mail
        Sent via email: soniav@reliabletransport.net

        Worldwide Facilities, Inc. - San Diego, CA
        Attention: Paul Mason
        Sent via email: pmason@wwfi.com

        McAnally Wilkins, Inc
        Attention: Cheri Perches
        Sent via email: cheri@mcanallywilkins.com

**FILED FOR RECORD**
Cause No.: **A-20-06-0667-CV**
Ector County - 70th District Court
Ector County, Texas
7/13/2020 12:00 AM
**Clarissa Webster**
**District Clerk**
By: Elizabeth Corrales, Deputy

**CLERK OF THE COURT**
**CLARISSA WEBSTER**
**DISTRICT CLERK**
**300 N. GRANT AVE., RM. 301**
**ODESSA, TEXAS 79761**

**Attorney for Plaintiff**
**MURRAY A CRUTCHER, III**
**3800 EAST 42ND ST, SUITE 500**
**ODESSA, TX  79762**

# THE STATE OF TEXAS

**NOTICE TO DEFENDANT:** "You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO: **KINSALE INSURANCE COMPANY**, DEFENDANT

**GREETINGS: You are commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE at or before 10:00 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof, before the 70th District Court of Texas, at the Courthouse in Odessa, Texas.**

Said Plaintiff's Petition was filed on **June 26, 2020**, at **1:58 PM o'clock**.

The file number of said suit being **A-20-06-0667-CV**.

The style of the case is:

**S V RELIABLE TRANSPORT, LLC VS.  KINSALE INSURANCE COMPANY**

A copy of the **PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE** accompanies this citation, issued on June 29, 2020.

GIVEN UNDER MY HAND AND SEAL OF SAID COURT, at office in Odessa, Texas, on this the 29th day of June, 2020.

CLARISSA WEBSTER, CLERK
70TH DISTRICT COURT
ECTOR COUNTY, TEXAS

Signed: 6/29/2020 8:54:12 AM

By: _Maria Garcia_
Maria Garcia, Deputy

SERVICE RETURN ATTACHED

ATX Process, LLC
604 West 9th Street
Suite B
Austin, TX 78701

**ADDRESS FOR SERVICE:**
**KINSALE INSURANCE COMPANY**
**TEXAS COMMISSIONER OF INSURANCE AS ITS AGENT FOR SERVICE**
**333 GUADALUPE STREET**
**AUSTIN, TEXAS 78701**
**OR**
**WHEREVER HE/SHE MAY BE FOUND**

## OFFICER'S RETURN

Came to hand on _____, 20___, at _____ o'clock _.M. and executed in _____ County,
Texas by delivering to the within named _____,
in person, a copy of the CITATION, having first endorsed thereon the date of delivery, together with the accompanying
true and correct copy of the **PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE**, on the ___
day of _____, 20___, at _____ o'clock _.M. at _____
_____(place of service).
NOT EXECUTED FOR THE FOLLOWING REASONS: _____

SERVICE FEES:  $_____

SHERIFF OF _____County, Texas

Deputy/Authorized Person

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the
return.  The return must either be verified or be signed under penalty of perjury.  A return signed under penalty of
perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____, and
                        (*First, Middle, Last*)

my address is _____.
                  (*Street, City, State, Zip Code*)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT."

Executed in _____ County, State of _____, on the _____ day of _____,20____.

Declarant/Authorized Process Server

(Id # & expiration of certification)

## <u>AFFIDAVIT OF SERVICE</u>

**State of Texas**              **County of Ector**              **70th Judicial District Court**

Case Number: A-20-06-0667-CV

Plaintiff:
**SV Reliable Transport, LLC**

vs.

Defendant:
**Kinsale Insurance Company**

For:
Atkins, Hollmann, Jones, Peacock Lewis & Lyon, Inc.
3800 E. 42nd Street
Ste. 500
Odessa, TX 79762

Received by ATX Process, LLC on the 2nd day of July, 2020 at 10:50 am to be served on **Kinsale Insurance Company by serving Texas Commissioner of Insurance as its Agent for Service, 333 Guadalupe Street, Austin, Travis County, TX 78701**.

I, Erin Cuppett, being duly sworn, depose and say that on the **8th day of July, 2020** at **2:31 pm, I:**

served the **TEXAS DEPARTMENT OF INSURANCE** by delivering a true copy of the **Two Copies of Citation with Plaintiff's Original Petition and Request for Disclosure, Exhibits A through C** with the date of delivery endorsed thereon by me, to: **Justin Beam** at **333 Guadalupe Street, Austin, Travis County, TX 78701**, as the designated agent for the Texas Department of Insurance to accept service of process on behalf of **Kinsale Insurance Company**.  An administrative fee of $50.00 was also tendered.

I certify that I am over the age of 18, have no interest in the above action, and am a certified process server, in good standing, in the judicial circuit in which the foregoing occurred.  The facts in this affidavit are within my personal knowledge and true and correct.

Subscribed and sworn to before me on the 8th day
of July, 2020 by the affiant who is personally known
to me.

_____
NOTARY PUBLIC

NICOLE M. HYBNER
My Notary ID # 129086987
Expires August 9, 2020

_____
**Erin Cuppett**
PSC-13350, Exp. 12/31/2021

**ATX Process, LLC**
**604 West 9th Street**
**Suite B**
**Austin, TX 78701**
**(512) 717-5600**

Our Job Serial Number: ATX-2020006453
Ref: SV Reliable Transport v. Kinsale

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1p

# INVOICE

Invoice #ATX-2020006453
7/8/2020

**Send Payments To:**
**ATX Process, LLC**
**604 West 9th Street**
**Suite B**
**Austin, TX 78701**
**Phone: (512) 717-5600**
**Fax: (512) 380-1308**
**83-4364729**

Atkins, Hollmann, Jones, Peacock Lewis & Lyon, Inc.
3800 E. 42nd Street
Ste. 500
Odessa, TX 79762

Reference Number: SV Reliable Transport v. Kinsale
Your Contact: Karen, Trey, Rebecca
**Case Number: Ector A-20-06-0667-CV**

Plaintiff:
**SV Reliable Transport, LLC**

Defendant:
**Kinsale Insurance Company**

Received: 7/2/2020   Served: 7/8/2020 2:31 pm  DEPARTMENT OF INSURANCE
To be served on: Kinsale Insurance Company by serving Texas Commissioner of Insurance as its Agent for Service

## ITEMIZED LISTING

| Line Item | Quantity | Price | Amount |
|---|---|---|---|
| Process Service: Austin, TX | 1.00 | 75.00 | 75.00 |
| Commissioner of Insurance Fee | 1.00 | 50.00 | 50.00 |
| 10% fee for advance | 1.00 | 5.00 | 5.00 |
| E-File Return of Service with Court | 1.00 | 10.00 | 10.00 |
| TOTAL CHARGED: | | | $140.00 |

**BALANCE DUE:** **$140.00**

Thank you for your business! You can make payments online through PayPal at WWW.ATXPROCESS.COM.
If paying by check, please write the invoice number on your check or enclose a copy of this invoice with your payment.

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1p

FILED FOR RECORD
Cause No.: A-20-06-0667-CV
Ector County - 70th District Court
Ector County, Texas
7/31/2020 5:02 PM
**Clarissa Webster**
**District Clerk**
By: Sara Chavez, Deputy

CAUSE NO. A-20-06-0667-CV

| | | |
|---|---|---|
| S V RELIABLE TRANSPORT, LLC, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | ECTOR COUNTY, TEXAS |
| | § | |
| KINSALE INSURANCE COMPANY | § | |
| | § | |
| Defendants | § | 70th JUDICIAL DISTRICT |

## DEFENDANT KINSALE INSURANCE COMPANY'S MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Kinsale Insurance Company ("Kinsale"), Defendant in the above-numbered and entitled cause, and pursuant to Rule 5 of the Texas Rules of Civil Procedure, files this Motion for Extension of Time to Respond to Plaintiff's Original Petition, and for such would respectfully show the Court the following:

## I.
## MOTION

1.      On June 26, 2020, Plaintiff filed its Original Petition and Request for Disclosures.

2.      On July 8, 2020, Plaintiff served the Original Petition on Kinsale.

3.      Kinsale's response is accordingly due on August 3, 2020.

4.      Due to clerical errors, Kinsale failed to timely forward the Original Petition to counsel for review and preparation of a response until today.  The undersigned accordingly requests a 14-day extension, from the date of this motion, to response to Plaintiff's Original Petition.

5.      This extension is authorized by Rule 5 of the Texas Rules of Civil Procedure, which provides in pertinent part that when "an act is required or allowed to be done at or within a

**DEFENDANT'S MOTION FOR EXTENSION OF TIME – Page 1**

specific period of time, the court for cause shown may, at any time in its discretion (a) with or without motion or notice, order the period enlarged if application therefore is made before the expiration of the period originally prescribed…"

6.      This motion is made in good faith and not for the purposes of delay.

7.      No party will be prejudiced by this extension and this is Kinsale's first request for an extension of time.

**II.**
**<u>CONCLUSION</u>**

Defendant Kinsale Insurance Company respectfully requests that this Court enter an order extending the deadline for response to Plaintiff's Original Petition to August 14, 2020, and for any further relief to which they may show themselves to be justly entitled.

Respectfully submitted,

*/s/ Lisa M. Henderson*
LISA M. HENDERSON
State Bar No. 24025423
CLYDE & CO US LLP
10440 N. Central Expressway, Suite 800
Dallas, TX  75231
lisa.henderson@clydeco.us
Telephone:      214.540.7539
Facsimile:      214.540.7540

ATTORNEYS FOR DEFENDANT

**<u>CERTIFICATE OF SERVICE</u>**

This is to certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record via efile.txcourts.gov on the 31st day of July, 2020.

*/s/ Lisa M. Henderson*
LISA M. HENDERSON

**DEFENDANT'S MOTION FOR EXTENSION OF TIME – Page 2**

FILED FOR RECORD
Cause No.: A-20-06-0667-CV
Ector County - 70th District Court
Ector County, Texas
8/3/2020 5:46 PM
**Clarissa Webster**
**District Clerk**
By: DiAnn Espinoza, Deputy

CAUSE NO. A-20-06-0667-CV

| | | |
|---|---|---|
| S V RELIABLE TRANSPORT, LLC, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | ECTOR COUNTY, TEXAS |
| | § | |
| KINSALE INSURANCE COMPANY | § | |
| | § | |
| Defendants | § | 70th JUDICIAL DISTRICT |

## DEFENDANT KINSALE INSURANCE COMPANY'S NOTICE OF WITHDRAWAL OF MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Kinsale Insurance Company ("Kinsale"), Defendant in the above-numbered and entitled cause, and files this Notice of Withdrawal of its Motion for Extension of Time to Respond to Plaintiff's Original Petition, and for such would respectfully show the Court the following:

**I.**

1.     On July 31, 2020, Kinsale filed its Motion for Extension of Time to Respond to Plaintiff's Original Petition.  In its Motion, Kinsale sought an extension in the deadline to respond to Plaintiff's Original Petition to August 14, 2020.  On August 3, 2020, counsel for Plaintiff advised that his client was agreeable to extending the deadline to August 14, 2020. Accordingly, Kinsale files this notice that it is withdrawing its Motion for Extension of Time to Respond to Plaintiff's Original Petition.

/ / /

/ / /

**DEFENDANT'S NOTICE OF WITHDRAWAL OF MOTION FOR EXTENSION OF TIME – Page 1**

Respectfully submitted,

/s/ Lisa M. Henderson
LISA M. HENDERSON
State Bar No. 24025423
CLYDE & CO US LLP
10440 N. Central Expressway, Suite 800
Dallas, TX  75231
lisa.henderson@clydeco.us
Telephone:       214.540.7539
Facsimile:       214.540.7540

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record via efile.txcourts.gov on the 3rd day of August, 2020.

/s/ Lisa M. Henderson
LISA M. HENDERSON

CAUSE NO. A-20-06-0667-CV

| | | |
|---|---|---|
| S V RELIABLE TRANSPORT, LLC, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | ECTOR COUNTY, TEXAS |
| | § | |
| KINSALE INSURANCE COMPANY | § | |
| | § | |
| Defendants | § | 70th JUDICIAL DISTRICT |

## ORDER GRANTING DEFENDANT KINSALE INSURANCE COMPANY'S MOTION FOR EXTENSION OF TIME

On this date came on for consideration Defendant Kinsale Insurance Company's Motion for Extension of Time to Respond to Plaintiff's Original Petition.  After considering the Motion, Response and any Reply, the Court finds that the Motion for Extension should be, and is in all respects, GRANTED.

IT IS THEREFORE ORDERED, that Defendant Kinsale Insurance Company's response to Plaintiff's Original Petition is to be filed on or before August 14, 2020.

ORDER ENTERED this _____ day of _____, 2020.

_____
JUDGE DENN WHALEN